### NATHANIEL AUSTIN *vs.* JOSIAH B. FRENCH & others.

Before the *St.* of 1830, *c.* 110, took effect, it was not the official duty of a deputy sheriff to pay any portion of his fees to the sheriff; but his obligation, if any, so to do, resulted from his agreement with the sheriff, and was a personal duty: Hence, where a deputy sheriff gave a bond to the sheriff, in 1824, conditioned to discharge and perform the duties of such deputy, according to his oath of office, and to save the sheriff harmless from all damages, costs, &c., that might accrue against him by reason of his appointing said deputy, or by means of any malfeasance, &c., of said deputy, in said office; it was *held,* that the condition of the bond was not broken by the deputy's omission to pay a portion of his fees of office to the sheriff.

The condition of a bond given to a sheriff by his deputy, was thus: That said deputy "shall keep a fair register, or registers, of all warrants, summonses, writs and precepts, that may come to his hands as a deputy sheriff, and of his doings and fees thereon, in such fit and concise manner as the said A." (the sheriff) "shall order, and subject to his inspection," &c.; "and shall annually" (in certain months named) "furnish said A. with a true copy of the said register or registers." *Held,* that the sheriff's order in what manner the register should be kept was not a condition precedent, and that the deputy was bound, though no such order was given, to keep a register, in some convenient form, which would exhibit a correct statement of all processes committed to him, and of his doings and fees thereon; and that his omission to keep such full and accurate register was a breach of said condition.

DEBT on a bond, dated November 29th 1824, given to the plaintiff, as sheriff of Middlesex, by the defendant French, as principal, and the other defendants, as sureties. The condition of the bond was in these terms: " Whereas the said Austin is sheriff of the said county of Middlesex, and at the request of the said Josiah B. French hath appointed him his deputy sheriff in and for said county: If therefore the said Josiah B. French shall discharge and perform his said office,

agreeably to his oath thereof taken, and shall indemnify and save the said Austin, his executors and administrators, harmless from actions, debts, damages, costs, expenses, trouble and demands, that may accrue, happen or arise, to or against him or them, by means of his appointing the said Josiah B. French a deputy, as aforesaid, or by means of any malfeasance, misfeasance or nonfeasance of the said Josiah B. French, in his said office, and shall obey all the legal and reasonable commands and instructions of the said Austin, touching the same office, and shall keep a fair register or registers of all warrants, summonses, writs and precepts, that may come to his hands as a deputy sheriff aforesaid, and of his doings and fees thereon, in such fit and concise manner as the said Austin shall order, and subject to his inspection ; and, if at any time thereto requested by the said Austin, shall make solemn oath, before some justice of the peace for the said county of Middlesex, that according to the best of his knowledge and remembrance, the said register or registers contains or contain a true list and account of all warrants, summonses, writs and precepts, that have come to his hands in manner aforesaid, and of all legal fees on the same, except what are contained in some former register or registers, in like manner sworn to, or otherwise approved of by the said Austin ; and shall annually, in the months of January, April, July and October, furnish to said Austin a true copy of the said register or registers, or such parts thereof as the said Austin may direct, subscribed and attested as such ; then the above obligation to be void, or otherwise to remain in full force."

The plaintiff assigned the following breaches of said condition : 1. That said French, whilst he was the plaintiff's deputy, collected and received of sundry persons, by virtue of sundry precepts to him directed, a large sum of money, viz. $12,000, one quarter part of which sum was still due to the plaintiff, as his proportion of fees received and collected on said precepts, and was still in arrear and unpaid, contrary to the form and effect of said writing obligatory. 2. That said French did not, whilst he was the plaintiff's deputy, keep a fair register or registers of all warrants, &c., and of his doings and fees thereon.

At the trial, before the chief justice, the question was, whether any breach of the condition of said bond was proved The plaintiff proposed to give evidence that said French had not paid to him one quarter part of his fees and emoluments; but the judge was of opinion, that there was no stipulation for such payment, either in the terms of said condition or by implication, and that such non-payment was no breach thereof. This evidence was therefore rejected.

The plaintiff further relied on the fact, that said French, whilst in his said office of deputy, had not kept a register-book, stating all the precepts which had been committed to him for service, and the fees accruing thereon, and had not, from time to time, exhibited such a register to the plaintiff.

The defendants contended, that by the true construction of the condition of the bond, said French was to keep such a register or account as the plaintiff should order, and that such order of the plaintiff was a condition precedent to the liability of French to keep any register or other account; and that unless it were shown by the plaintiff, that some order was given as to the mode of keeping such register, the omission to make and keep one was no breach of the condition of the bond. But the judge ruled, that the two clauses in the condition, one requiring French to keep a register, and one requiring him to keep it in such form as the plaintiff should direct, were to be taken distributively, and constituted separate and independent conditions; that said French was bound to keep a register in a particular form, if so directed and required, and was also bound, if no such direction were given, to keep a register in some form which would exhibit a true statement of his official acts and of his official fees; and that if no such register was kept, there was a breach of said condition.

The plaintiff then called on said French for the production of his register, book or account, containing a statement of his services of *executions*, whilst he was in office; but none was produced, and no evidence was offered on the subject. Two books were exhibited, purporting to contain an account of services of *writs* and the fees thereon, but not of executions; one

of them having a reference to an execution docket. The judge ruled, that such docket ought to be produced, and that the non-production of it would be *primâ facie* evidence that none was kept. The said French then produced a book purporting to be a register of executions. The plaintiff then proceeded to offer proof, that sundry executions on the files of the court, which purported to have been served and returned by said French, were not stated in the account or register produced. Whereupon, to avoid the necessity of pursuing this evidence in detail, it was admitted by the defendants, that many of the executions, committed to said French, and served by him, were not on this or any other book kept by him; some omitted by inadvertence, and some through carelessness: and submitted that this was no breach of the condition of the bond. The judge thereupon ruled, that if such a register or account of the service of executions, and the fees thereon, was not regularly kept in some convenient form, it was a breach of said condition, and that the plaintiff would be entitled to a verdict. A verdict was taken, by consent, for the plaintiff, subject to the opinion of the whole court upon the questions of law.

It was agreed that if the court should be of opinion that there has been a breach of the condition of the bond, and that the plaintiff is entitled to anything more than nominal damages, the amount due to the plaintiff should be determined by a jury, or by an auditor, to be appointed by the court or agreed on by the parties, under such directions as the court might give · That if the court should be of opinion that the case shows a breach of said condition, and nominal damages only, judgment should be entered accordingly; and that if the court should be of opinion that there has been no breach of said condition, the plaintiff should become nonsuit.

*Mellen & J. G. Abbott,* for the defendants.

*A. W. Austin,* for the plaintiff.

SHAW, C. J. The great question is, whether, in this action of debt on bond to the sheriff, any such breach is shown as to charge the principal and his sureties.

The first breach assigned by the plaintiff, and in support of

which he proposed to offer proof at the trial, was, that the said French had not paid over to the plaintiff one quarter part of his fees and emoluments, as a deputy.   This evidence was rejected, on the ground that there was no stipulation in the condition of the bond, binding the deputy and his sureties to such payment, and therefore that the failure so to pay over one quarter, or any other part of his emoluments, was no breach. And the court are now of opinion that this construction of the bond was correct.   The only clause in the condition, which would countenance such a claim, is that which stipulates, in general terms, that said French shall discharge and perform his said office, agreeably to his oath thereof taken, or that which provides that he shall save said Austin, &c. harmless from actions, damages, costs, &c. which may accrue against him by means of his said appointment, or by means of any malfeasance, misfeasance, or nonfeasance, &c.

As the law stood in 1824, when this bond was given, it was no part of the official duty of the deputy to pay to the sheriff any part of his fees and emoluments.   The *St.* of 1795, *c.* 41, § 1, then in force, merely prohibited the sheriff from requiring more than one quarter part of certain fees from his deput , but made it no part of their official duty to pay him that or any other proportion.   The *St.* of 1830, *c.* 110, modified and enlarged by Rev. Sts. *c.* 14, §§ 88, 89, has somewhat altered and enlarged the provisions of law in this respect ; and it would probably be held that, under these provisions, the accounting for fees by the deputy to the sheriff, and the payment to the sheriff of his proportion, for which, over a certain amount, he is to account to the county treasurer, (Rev. Sts. *c.* 14, § 91, and *St.* 1843, *c.* 75,) is made the official duty of the deputy.   But when the bond now in suit was given, the payment of fees depended upon such agreement as the sheriff might make with his deputy, within the prescribed limits. The obligation to pay the proportion would then result from such agreement, and become a personal and not an official duty ; and of course is not covered by an obligation, binding the deputy to the performance of his official duty.   So, in like

manner, such failure to pay is not an official nonfeasance, against which the bond is an indemnity.

The next material question is, whether the failure of the deputy to keep a register was a breach of the condition. The clause in the condition, upon which this question arises, is this: "And if said French shall keep a fair register of all warrants, &c., and of his doings and fees thereon, in such fit and concise manner as the said Austin shall order, and subject to his inspection, &c." It was contended at the trial, that an order or direction on the part of the plaintiff, as to the mode of keeping such register, was a condition precedent to any duty of the deputy; and that unless it were shown on the part of the plaintiff that such order or direction was given, it could not be a breach of this bond that none was kept. But it was ruled, that the two clauses in the condition, one requiring the deputy to keep a register, and one requiring him to keep it in such mode as the plaintiff should direct, were to be taken distributively, and constituted separate and independent conditions, and that he was bound to keep such register ·n a particular mode if so directed by the sheriff, and that if no such direction was given, then he was bound to keep a register in some convenient form which would exhibit a true and correct statement of his official acts and of his fees; and that if no such register was kept, it was a breach of this condition. The court are of opinion that this construction of the bond was correct. The substance of the obligation was to keep a full and accurate register. The mode of keeping it was but an incident enabling the sheriff, if he chose to prescribe a particular form, to have the register in such form; but the deputy was not exempted from the duty of keeping a register, although the sheriff did not prescribe any particular form.

It was then contended on the part of the defendants, that although a breach was thus established, it was in a matter so immaterial and unimportant, that the plaintiff could recover nominal damages only. It may possibly turn out, upon inquiry, that the plaintiff has sustained no actual damage by the failure of the deputy to keep the register. But we have not

facts enough before us now to enable us to decide judicially
that the plaintiff has not sustained some damage, beyond merely
nominal, from this cause.

In assessing damages, it is true that only the direct damage
arising immediately from the breach proved, to wit, the failure
of the deputy to *keep* a register, can be regarded, and that the
damage sustained by the plaintiff, if any, from the non-payment
of his share of the emoluments of his deputy, cannot be recov-
ered in this action.   The case therefore must go to an auditor,
pursuant to the agreement of the parties, to inquire and report
whether the plaintiff has sustained any, and if any what damage,
from the breach proved; such damage to be estimated upon
the principle above stated.